UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA JEANNE ALTEMEIER,<br><br>Plaintiff,<br><br>v.<br><br>DALLAS COUNTY, TEXAS, et al.,<br><br>Defendants. | NO. SACV 10-1692-JVS (AGR)<br><br>ORDER TRANSFERRING CASE TO NORTHERN DISTRICT OF TEXAS |

**I.**

**PROCEDURAL BACKGROUND**

On November 4, 2010, Plaintiff filed a complaint pursuant to, in part, 42 U.S.C. § 1983. On November 8, 2010, the Magistrate Judge issued an Order to Show Cause ("OSC") why the complaint should not be dismissed based on improper venue. (Dkt. No. 4.) On December 7, 2010, Plaintiff filed a response ("Response") to the OSC and a first amended complaint ("FAC").

**II.**

**THE FAC**

Plaintiff names the following defendants: Dallas County, Texas; City of

Dallas, Texas; Muskegon County, Michigan; Fruitport Township, Michigan; James Schultz, a resident of Muskegon County; Tony Tague, a resident of Muskegon County; Dale J. Hilson, a resident of Muskegon County; Louis Canales, a resident of Dallas County; Ronald M. Hubner, a resident of Dallas County; Daniel Downs, a resident of Dallas County; Ronald Anderson, a resident of Dallas County; Lupe Valdez, a resident of Dallas County; and Parkland Health & Hospital System Auxiliary, located in Dallas.  (FAC at 2-4.)

The following is a summary of Plaintiff's allegations.  On October 17, 2006, Plaintiff was arrested in Dallas without a warrant and was incarcerated until January 2, 2007.  (*Id.* at 5.)  On November 10, 2008, the charges against Plaintiff were dismissed.  (*Id.* at 7.)  Plaintiff, who suffers from "an autonomic nervous system dysfunction and sensitivities to various petrochemicals," and who requires prescription bottled water and prescription organic food, was exposed to chemicals and denied prescription bottled water and organic food while incarcerated.  (*Id.* at 4-14.)

On December 20, 2006, Plaintiff signed extradition papers to permit Michigan to extradite her to face charges in that state.  (*Id.* at 21-22.)  After Plaintiff's release from jail in Dallas, she "went into hiding for about twenty-three (23) months."  (*Id.* at 23-24.)  As of September 2008, the "false charges" filed in Michigan had still not "been dropped."  (*Id.* at 24.)

Plaintiff alleges 41 causes of action against Defendants related to the events described above.  (*Id.* at 30-41.)

## III.

## VENUE

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986) (applying § 1391(b) to § 1983 claim).

All defendants in this action reside in Michigan or Texas. All of the events or omissions giving rise to Plaintiff's claims occurred in Michigan or Texas.[1]

Plaintiff concedes that venue is improper here. (Response at 2.) However, she asks the Court to transfer the case to the Northern District of Texas to save on cost and so she would "not be prejudiced." (*Id.*) Although "in the interest of justice," the Court may transfer the case "to any district . . . in which it could have been brought" (*see* 28 U.S.C. § 1406(a)), in the instant matter the defendants reside in two different districts. In a case in which defendants reside in two different districts, "a plaintiff may choose between those two . . . districts that with approximately equal plausibility – in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff) – may be assigned as the locus of the claim." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979) (emphasis in original).

## IV.

## **ORDER**

Accordingly, pursuant to 28 U.S.C. § 1406(a), the Court ORDERS that the case be TRANSFERRED to the United States District Court for the Northern District of Texas. *See Costlow*, 790 F.2d at 1488 ("the district court ha[s] the authority to raise the issue of defective venue on its own motion"); *see* 28 U.S.C.

---

[1] Dallas County is in the United States District Court, Northern District of Texas. *See* http://www.txnd.uscourts.gov/filing/countydiv.html. Muskegon County is in the United States District Court, Western District of Michigan. *See* http://www.miwd.uscourts.gov/GENERAL/general_info_faq.htm.

§ 1406(a).

The Clerk of the Court is directed to effectuate the transfer.

DATED: December 27, 2010

JAMES V. SELNA
United States District Judge